UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY UPCHURCH, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | 1:19-cv-4644-SEB-MG |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| *Defendant*. ) | |

**ORDER**

Plaintiff, Timothy Upchurch brings this action against Defendant State of Indiana (the "State"), alleging racial discrimination and retaliation. The State has filed a Motion for Leave to File an Amended Final Witness and Exhibit List, [Filing No. 55], which is now ripe for the Court's review.

**I.**
**BACKGROUND**

Mr. Upchurch filed this Title VII employment action in November 2019. The parties submitted a proposed Case Management Plan (CMP) and, after the Initial Pre-Trial Conference on February 7, 2020, the Court entered an order approving the CMP as submitted. [Filing No. 13.] The CMP Order set April 6, 2020 as the deadline for Defendant to file a preliminary witness list and January 21, 2021 as the deadline for the parties to file their final witness and exhibit lists. [Filing No. 13 at 3-4.] The CMP Order set the dispositive motion deadline for November 21, 2020, the liability discovery deadline for September 21, 2020, the expert witness discovery and damages discovery deadline for February 21, 2021, and the deadline for all remaining discovery by March 21, 2021. [Filing No. 13 at 5.] The CMP Order provided that three weeks before the final pretrial conference, parties were to file a list of witnesses actually expected to be called at trial and warned

1

that: "[t]his list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I." [Filing No. 13 at 6.] The Court subsequently extended the deadlines for liability discovery, dispositive motions, and final witness and exhibit lists several times. [Filing No. 31; Filing No. 39; Filing No. 43; Filing No. 45; filing No. 51.] At the end of all the extensions, the deadline for liability discovery was February 20, 2021 (a Saturday), [Filing No. 45], the deadline for dispositive motions was March 4, 2021, [Filing No. 51], and the deadline for final witness and exhibit lists was February 20, 2021 (a Saturday), [Filing No. 43].

On February 22, 2021 the State filed its Final Witness and Exhibit List. [Filing No. 46.] Also on February 22, Mr. Upchurch filed his Final Witness List, [Filing No. 47], and Final Exhibit List, [Filing No. 48].

## II.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), a party has a duty to disclose witnesses that it may present at trial. Fed R. Civ. P. 26(a)(3)(A). The plain language of Rule 26(a) governs the timing and scope of the disclosures at issue. Rule 26(a)(3) provides in relevant part that "a party must provide . . . the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises[.]" Moreover, Rule 26(a)(3)(B) imposes a default disclosure deadline of at least 30 days before trial, "unless the court orders otherwise" Thus, in leaving the Court with the final word on setting deadlines for expert and lay witness disclosure, complying with the Court's Order becomes a matter of complying with Rule 26(a). The Court issued the CMP Order following the Rule 16(b) conference and other subsequent orders addressing deadlines, which controlled the discovery schedule pursuant to Rule 16(e). [Filing No. 13.]

A party's failure to comply with Rule 26(a)'s disclosure requirements "results in automatic and mandatory exclusion of the proffered witness 'unless the failure was substantially justified or is harmless.'" *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)). The Court has broad discretion in deciding whether a failure to comply with Rule 26(a) was substantially justified or is harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The Seventh Circuit has identified four factors to guide the Court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Lastly, pursuant to Fed. R. Civ. P. 16(b)(4), relief from a scheduling order—to add a witness or reopen discovery—requires a showing of good cause. In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir.2005); see also 3 MOORE'S FEDERAL PRACTICE § 16.14[1] [b], at 16–72 (Matthew Bender 3d ed. 2010) ("[A]lthough undoubtedly there are differences of views among district judges about how compelling a showing must be to justify extending the deadlines set in scheduling orders, it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.").

### III.
#### DISCUSSION

On March 9, 2021, the State filed it Motion for Leave to File an Amended Final Witness and Exhibit Lists, [Filing No. 55], specifically to add two witnesses: (1) Brent Morrell and (2) Beverly Bridget. The State asserts that it has determined that additional evidence may be necessary to support its defenses, which includes "the testimony of Brent Morrell […] to address positions

3

within the Department of Corrections Plaintiff has applied to, and the testimony of Beverly Bridget […] to address the policies and procedures in place with respect to hiring at the Indiana Women's Prison." [Filing No. 55 at 1, ¶ 2.]

Mr. Upchurch objects to the State's motion on the grounds that the State did not disclose these witnesses before the close of discovery with extensions and did not include the witnesses in its final witness and exhibit lists that were filed on February 22, 2021 (as February 20, 2021 was a Saturday). Mr. Upchurch argues that the State should not be permitted to add witnesses following this deadline because Mr. Upchurch timely filed his requests for discovery but the State has not produced all documents as requested. [Filing No. 56.] Finally, Mr. Upchurch argues that permitting the State to amend its final witness list would cause undue burdens because he "did not have the opportunity to investigate, prepare for, make discovery requests, or take depositions." [Filing No. 56 at 2.]

The State replies that it submitted initial responses to Mr. Upchurch's written discovery requests on November 11, 2020 and since that time, Mr. Upchurch has requested supplementation of documents and explanations of the production from the State. [Filing No. 57 at 1, ¶ 3.] The State asserts that most recently, Mr. Upchurch requested supplementation on February 8, 2021, seeking additional documentation related to individual employees but did not seek any documentation regarding Mr. Morrell or Ms. Bridget. [Filing No. 57 at 2, ¶ 4.]

Further, the State represents that the expected testimony of Mr. Morrell is "to provide a summary of the positions that Plaintiff has applied to – knowledge that should already be known to Plaintiff" and "[Ms.] Bridget's testimony is expected to address the policies for transfers to the Indiana Women's Prison, a topic that has not been addressed in Plaintiff's discovery requests or requests for supplementation." [Filing No. 57 at 2, ¶ 7.]

The State offers the following justifications for its failure to adhere to the witness disclosure deadline: "[s]ince filing its Final Witness and Exhibit List, and in conjunction with its preparation for trial and its dispositive motion, Defendant has determined that additional evidence may be necessary [to] support its defenses," [Filing No. 55], and further contends that Mr. Upchurch has requested numerous supplementations and explanations to the discovery provided by the State. [Filing No. 57.] The State maintains they responded by providing partial supplementation of March 5, 2021 and additional documents on March 12, 2021.

As for Mr. Morrell, the Court notes that in the State's Final Witness and Exhibit List, [Filing No. 46 at 2], the State names Brent Morrell in paragraph 12 in conjunction with another named witness, Drew Adams. The State apparently failed to separate the two witnesses when preparing its Final Witness and Exhibit List and failed to notice that it had previously identified Mr. Morrell. While the State failed to notice its own listing of Mr. Morrell, it is also up to Mr. Upchurch and his attorney's due diligence to review the Final Witness and Exhibit Lists. Thus, Mr. Morrell's identification should not have surprised Mr. Upchurch. As such, the Court finds that an amendment of the State's Final Witness and Exhibit List to further identify Mr. Morrell (in a separate paragraph this time) is harmless and will not unduly burden Mr. Upchurch. Nevertheless, given the confusion over Mr. Morrell's identification caused by the State's failure to list him in a separate paragraph, the Court **ORDERS the State to make Mr. Morrell available and GRANTS Mr. Upchurch leave to depose him if he so chooses by no later than May 21, 2021.**

As for Ms. Bridget, the State's Motion for Summary Judgment, [Filing No. 52], which was Filed March 4, 2021, includes an affidavit from Ms. Bridget, [Filing No. 54-17]. In her affidavit, Ms. Bridget testifies that she has personal knowledge of "the human resources policies at the Indiana Women's Prison", including "a policy by which an employee is not eligible for promotion

5

or transfer to [the Indiana Women's Prison] if the employee has received a suspension or written reprimand in lieu of a suspension in the twelve months prior to applying for the position." [Filing No. 54-17]. The State provides no clear explanation of why they could not have identified Ms. Bridget in a timely manner, other than its ongoing preparation for trial, its dispositive motion, and responding to supplementations as requested by Mr. Upchurch. The State filed the instant Motion for Leave on March 9, 2021, 14 days following the discovery deadline of February 22, 2021. Although the State's conduct is lacking, the Court finds no obvious indication of bad faith in omitting Ms. Bridget on the Final Witness and Exhibit List. Even though the State fails to substantially justify its delay in identifying Ms. Bridget, the Court finds that the exclusion of Ms. Bridget's testimony at trial[i] is not required under Rule 37(c)(1) because the prejudice caused by the State's failure to include her on the Final Witness and Exhibit List can be cured. The Court **ORDERS the State to make Ms. Bridget available and GRANTS Mr. Upchurch leave to depose her if he so chooses by no later than May 21, 2021.**

## IV.
### CONCLUSION

Defendant's Motion for Leave to File Amended Final Witness and Exhibit List, [55], is GRANTED. **The Court further ORDERS the State to make Mr. Morrell and Ms. Bridgett available and GRANTS Mr. Upchurch leave to depose these witnesses if he so chooses by no later than May 21, 2021.**

Dated: 4/15/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**