UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY UPCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04644-SEB-MG |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SURREPLY AND PLAINTIFF'S MOTION TO STAY**

Now before the Court are Plaintiff's Motion to Stay [Dkt. 102] and Defendant's Motion to Strike Portions of Plaintiff's Surreply [Dkt. 120]. We address these motions in turn below.

**I.    Plaintiff's Motion to Stay**

Plaintiff requests that all proceedings in this case be stayed for the purpose of allowing him to receive additional notices of right to sue for adverse employment actions taken against him since this litigation was filed, so that he can add additional claims in this lawsuit. Plaintiff argues that his request is in accordance with the Seventh Circuit's decision in *Daza v. Indiana*, 2 F.4th 681 (7th Cir. 2021), where the court indicated that in situations where "'a discrimination claimant [] is waiting for a right-to-sue letter on new claims that are factually linked to an earlier suit,'" to avoid splitting claims, the plaintiff must ask the court "to stay its proceedings until the new right-to-sue letter appears." *Id.*

at 684 (quoting *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015)).

Defendant objects to a stay of this case on grounds that the parties already addressed this issue before the Magistrate Judge, who, after hearing argument from both parties, ordered a cutoff date of January 28, 2022 for "all claims, defenses and evidence relating thereto this case and the consolidated case under 1:21-cv-551-SEB-MJD." Dkt. 99.  Defendant argues that granting Plaintiff's motion to stay the case so that he can seek leave to amend his complaint to add additional claims at this stage of the litigation would cause undue delay and prejudice Defendant by necessitating another round of discovery, including a third deposition of Plaintiff, thereby further delaying the Court's consideration of Defendant's fully briefed motion for summary judgment.[1]  Defendant argues that the cases cited by Plaintiff in support of his motion to stay are inapposite because they dealt with issues of claim and defense preclusion, which are not at issue here.

Having considered the parties' arguments and legal citations, we find that the cutoff date set by the Magistrate Judge was fair and reasonable and promotes judicial economy.[2]  Staying the case at this stage to allow Plaintiff to amend his complaint would move the litigation back to square one, requiring a reopening of discovery and another

---

[1] A prior fully briefed motion for summary judgment was already pending in this case on January 27, 2022, when it was consolidated with Cause No. 1:21-cv-00551-SEB-MJD.  Following the consolidation, we permitted Defendant to withdraw that motion in order to file a comprehensive summary judgment motion, which is the currently pending summary judgment filing.

[2] We note that Plaintiff did not file any formal objection to the Magistrate Judge's April 28, 2022 Order setting the cutoff date.

round of dispositive motions.  We remind Plaintiff that has been pending for more than three years at this point.  Further, the facts before us are distinguishable from the situation presented in *Daza*, where the Seventh Circuit held that an employee whose Title VII suit for discriminatory discharge had been dismissed was unable to proceed with a Title VII suit for failure to rehire because that claim involved events that existed at the time of the first lawsuit having been judicially estopped.  Plaintiff has not identified the precise nature of the claims he might seek to add to this lawsuit, though we anticipate that they would be new, discrete acts of discrimination.  Given the facts before us here, the Seventh Circuit's decision in *Daza* is not dispositive.  Accordingly, Plaintiff's Motion to Stay is <u>DENIED</u>.

## II.     Defendant's Motion to Strike Portions of Plaintiff's Surreply

We turn now to address Defendant's Motion to Strike Portions of Plaintiff's Surreply.  Southern District of Indiana Local Rule 56-1(d) governs the permissibility of surreply briefs in this district.  It provides that "[a] party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." S.D. Ind. L.R. 56-1(d).

Defendant acknowledges that Plaintiff's surreply is proper under the Local Rules to the extent that the surreply responds to objections Defendant first raised in its reply to the admissibility of certain evidence cited by Plaintiff in his response.  Defendant asserts, however, that pages 5–20 of Plaintiff's surreply should be stricken because that portion of Plaintiff's surreply is nothing more than an improper attempt to supplement Plaintiff's previous arguments and counter Defendant's reply brief.  *See Best v. Safford*, No. 1:16-

cv-02549-TWP-MJD, 2018 WL 1794911, at *2 (S.D. Ind. Apr. 16, 2018) (observing that the purposes for "having a motion, response, and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response").

In response, Plaintiff argues that, in addition to the reasons outlined by Local Rule 56.1(d), the Court permits surreplies to address newly raised arguments. *See White v. Valeo Lighting Sys. N. Am., Inc.*, No. 4:19-cv-00226-TWP-DML, 2021 WL 5039543, at *2 (S.D. Ind. Oct. 29, 2021) ("[W]here the surreplies do not address newly raised evidence *or arguments*, or otherwise respond[] to objections as outlined by the local rules, such surreplies are not allowed.") (emphasis added).  Plaintiff asserts that the portion of his surreply challenged by Defendant should not be stricken because it properly responds to arguments Defendant raised for the first time in its reply. Specifically, Plaintiff claims that Defendant "sandbagg[ed]" in its opening brief and waited to fully expand on its arguments until its reply, thereby preventing Plaintiff from having the opportunity to respond.  Dkt. 122 at 2.

While it is true that "[i]t is the overall inclination of the court to 'always allow litigants a fair and full opportunity to respond to arguments made by their adversary, including allowing surreplies,'" *White*, 2021 WL 5039543, at *2 (quoting *Chaib v. GEO Grp., Inc.*, 92 F. Supp. 3d 829, 835 (S.D. Ind. 2015), *aff'd*, 819 F.3d 337 (7th Cir. 2016)), surreplies must comply with the local rules and this Court's interpretation of those rules, which requires that surreplies be permitted only "to address newly raised evidence or arguments, or respond to objections raised in the reply."  92 F. Supp. 3d at 835.  As

4

Defendant concedes, the first four pages of Plaintiff's surreply respond to objections raised by Defendant in its reply and are thus appropriate.

Regarding the additional case law and new arguments that Plaintiff maintains Defendants raised in their reply brief, we find upon review, that the majority of these arguments "were not 'new,' but rather were attempts to rebut Plaintiff's responses to their initial motion." *Rednour v. Wayne Tp.*, 51 F. Supp. 3d 799, 808–809 (S.D. Ind. 2014). Because surreplies "must be limited to new evidence and objections," (S.D. Ind. L.R. 56-1(d)), the portions of Plaintiff's surreply repeating these issues should be stricken. To the extent Plaintiff's surreply addresses any new arguments raised for the first time by Defendants in its reply, our review of Plaintiff's surreply will be limited only to the portions that address Defendant's objections and respond to newly raised arguments. For these reasons, we GRANT IN PART and DENY IN PART Defendant's Motion to Strike Plaintiff's Surreply.

IT IS SO ORDERED.

Date:  2/1/2023

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

5

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com